22-6111
Rijon v. Garland

BIA
Laforest, IJ
A207 413 726

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 18th day of December, two thousand twenty-four.

PRESENT:
> JOSÉ A. CABRANES,
> DENNY CHIN,
> MICHAEL H. PARK,
> *Circuit Judges.*

_____

AYETADUL RAJ RIJON,
> *Petitioner,*

v.                                                          **22-6111**
                                                            **NAC**

MERRICK B. GARLAND, UNITED
STATES ATTORNEY GENERAL,
> *Respondent.*

_____

FOR PETITIONER:                Khagendra Gharti-Chhetry, Esq., New York, NY.

**FOR RESPONDENT:** Brian M. Boynton, Principal Deputy Assistant Attorney General; Erica B. Miles, Assistant Director; Dawn S. Conrad, Senior Litigation Counsel, Office of Immigration Litigation, United States Department of Justice, Washington, DC.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioner Ayetadul Raj Rijon, a native and citizen of Bangladesh, seeks review of a February 10, 2022, decision of the BIA denying his motion to remand based on ineffective assistance of counsel and affirming a March 27, 2019, decision of an Immigration Judge ("IJ") denying his application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT") on credibility grounds. *In re Ayetadul Raj Rijon*, No. A207 413 726 (B.I.A. Feb. 10, 2022), *aff'g* No. A207 413 726 (Immig. Ct. N.Y. City Mar. 27, 2019). We assume the parties' familiarity with the underlying facts and procedural history.

## I. Adverse Credibility Determination

We have reviewed the IJ's decision as modified by the BIA. *See Xue Hong Yang v. U.S. Dep't of Just.*, 426 F.3d 520, 522 (2d Cir. 2005). We review the agency's factual findings, including adverse credibility determinations, for substantial

evidence, and we review questions of law and the application of law to fact de novo. *See Hong Fei Gao v. Sessions*, 891 F.3d 67, 76 (2d Cir. 2018). "[T]he administrative findings of fact are conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary." 8 U.S.C. § 1252(b)(4)(B).

"Considering the totality of the circumstances, and all relevant factors, a trier of fact may base a credibility determination on . . . the consistency between the applicant's or witness's written and oral statements (whenever made and whether or not under oath, and considering the circumstances under which the statements were made), the internal consistency of each such statement, [and] the consistency of such statements with other evidence of record . . . without regard to whether an inconsistency, inaccuracy, or falsehood goes to the heart of the applicant's claim, or any other relevant factor." *Id.* § 1158(b)(1)(B)(iii). "We defer . . . to an IJ's credibility determination unless, from the totality of the circumstances, it is plain that no reasonable fact-finder could make such an adverse credibility ruling." *Xiu Xia Lin v. Mukasey*, 534 F.3d 162, 167 (2d Cir. 2008); *accord Hong Fei Gao*, 891 F.3d at 76.

Rijon alleged that members of the Awami League ("AL") beat him and his father and threatened his family because of their support for the Bangladesh

3

Nationalist Party ("BNP"). Substantial evidence supports the agency's determination that Rijon was not credible.

Rijon does not dispute that there are inconsistencies between his written statement and testimony, and the agency was not required to accept his explanations for the inconsistencies. Rijon made inconsistent statements about when he joined the BNP (in 2009 or 2011), he omitted the murder of his "uncle" from his application, and he was inconsistent about whether he was assaulted once or twice and about hospitalizations following the assaults. "[A] petitioner must do more than offer a plausible explanation for his inconsistent statements to secure relief; he must demonstrate that a reasonable fact-finder would be *compelled* to credit his testimony." *Majidi v. Gonzales*, 430 F.3d 77, 80 (2d Cir. 2005). Rijon argues here that the agency failed to consider his language barrier at his hearing, his age, and his lack of preparation before the hearing. These explanations do not compel a finding of credibility.

Rijon did not exhaust his claim that he needed an interpreter or that English was not his best language. Issue exhaustion is mandatory when, as here, the Government raises it. *See Ud Din v. Garland*, 72 F.4th 411, 419–20 & n.2 (2d Cir. 2023). Rijon was 23 years old when he drafted his written statement with counsel,

4

and his age does not account for the unequivocal statement in his application that he joined the BNP in 2011, and his equivocal testimony that he joined between 2009 and 2012, before confirming that he joined in 2009. Finally, a lack of preparation does not account for his inconsistency about whether he was assaulted once or twice. *See Singh v. Garland*, 6 F.4th 418, 431 (2d Cir. 2021) ("The more serious the inconsistency—*i.e.*, the greater the importance of the fact upon which inconsistency is found for the success of the petition and the more likely it is that a truthful account would not have included the inconsistency—the more substantial that evidence is in casting doubt on the petitioner's credibility.").

Having questioned Rijon's credibility, the agency reasonably relied further on his failure to rehabilitate his testimony with reliable corroborating evidence. "An applicant's failure to corroborate his or her testimony may bear on credibility, because the absence of corroboration in general makes an applicant unable to rehabilitate testimony that has already been called into question." *Biao Yang v. Gonzales*, 496 F.3d 268, 273 (2d Cir. 2007). A 2015 letter from Rijon's father to the police did not mention that Rijon was assaulted, there was no foundation to establish that the photographs reflected his father's political activities, and Rijon did not corroborate either his hospitalizations or his allegation that hospitals in

5

Bangladesh do not keep records that long. *See id.*; *Majidi*, 430 F.3d at 80.

These inconsistencies and lack of corroboration constitute substantial evidence for the adverse credibility determination. *See* 8 U.S.C. § 1158(b)(1)(B)(iii); *Likai Gao v. Barr*, 968 F.3d 137, 145 n.8 (2d Cir. 2020) ("[E]ven a single inconsistency might preclude an alien from showing that an IJ was compelled to find him credible. Multiple inconsistencies would so preclude even more forcefully."); *Biao Yang*, 496 F.3d at 273. The adverse credibility determination is dispositive of asylum, withholding of removal, and CAT relief because all three claims were based on the same factual predicate. *See Hong Fei Gao*, 891 F.3d at 76 ("Where the same factual predicate underlies a petitioner's claims for asylum, withholding of removal, and protection under the CAT, an adverse credibility determination forecloses all three forms of relief.").

## II. Ineffective Assistance of Counsel

Similarly, the BIA did not abuse its discretion in denying remand based on ineffective assistance of counsel. Rijon alleged that his former counsel did not prepare him to testify in advance of his hearing and failed to file documents he had provided. To obtain remand based on ineffective assistance of counsel, a movant must substantially comply with the procedural requirements set forth

6

in *Matter of Lozada*, 19 I. & N. Dec. 637 (B.I.A. 1998). *See Jian Yun Zheng v. U.S. Dep't of Just.*, 409 F.3d 43, 46–47 (2d Cir. 2005). A movant must provide an affidavit detailing the agreement with former counsel concerning representation, proof that the movant notified counsel of the allegations and allowed counsel to reply, and a statement regarding whether the movant filed a complaint against counsel with a disciplinary authority and, if not, an explanation for why that was not done. *Matter of Lozada*, 19 I. & N. Dec. at 639. As the BIA found, Rijon did not establish that he filed a complaint with the relevant disciplinary authority. While his new counsel stated that a complaint was filed, there was no proof of filing or receipt. Furthermore, his prior counsel's response asked to be informed if any such complaint was filed, indicating that there had not yet been notice of such a complaint. While we may excuse full compliance where the ineffective assistance is clear on the face of the record, that is not the case here. *See Yi Long Yang v. Gonzales*, 478 F.3d 133, 142–43 (2d Cir. 2007) (excusing compliance where an IJ explicitly relied on counsel's competence and counsel was disbarred shortly after the hearing for "truly shocking disregard" for his clients).

Even assuming *Lozada* compliance, Rijon failed to demonstrate prejudice. To prevail on an ineffective assistance claim, a movant must show that competent

7

counsel would have acted otherwise, and that the movant was prejudiced by his counsel's performance. *Rabiu v. INS*, 41 F.3d 879, 882–83 (2d Cir. 1994). "To demonstrate prejudice, [a petitioner] ha[s] to make a *prima facie* showing that, but for counsel's ineffectiveness, 'he would have been eligible for [asylum] relief,' and 'could have made a strong showing in support of his application.'" *Scarlett v. Barr*, 957 F.3d 316, 326 (2d Cir. 2020) (quoting *Rabiu*, 41 F.3d at 882). Rijon's brief here primarily focuses on *Lozada* compliance. And his conclusory arguments about prejudice fail.

As addressed above, Rijon did not exhaust an argument regarding the lack of an interpreter at the hearing, and the record reflects that he understood the questions asked. He did not identify before the BIA, and does not identify here, what evidence his former counsel failed to submit, and the bulk of the evidence presented with his motion to remand was prepared after the hearing or addresses events after the hearing. As a result, Rijon's former counsel could not have presented that evidence to the IJ. Finally, Rijon has not shown how an alleged lack of preparation would cause him to forget the number of times he was assaulted or hospitalized, and thus did not establish that the outcome of the proceedings would have been different. *See Debeatham v. Holder*, 602 F.3d 481, 486

(2d Cir. 2010) (requiring showing that "outcome of . . . removal proceedings would have been . . . different").

For the foregoing reasons, the petition for review is DENIED.   All pending motions and applications are DENIED and stays VACATED.

FOR THE COURT:
Catherine O'Hagan Wolfe,
Clerk of Court

9